# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1215V
(not to be published)

| | |
|---|---|
| STEVEN BEKKER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 19, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, *for Petitioner.*

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, *for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 16, 2020, Steven Bekker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered shoulder injuries related to vaccine administration resulting from an influenza vaccine received on October 18, 2019. Petition at ¶¶ 10. On November 28, 2022, I issued a decision, awarding compensation to Petitioner based on the parties' stipulation. ECF No. 36.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $15,552.46 (representing $14,594.00 in attorney's fees and $434.46 in attorney's costs incurred at Petitioner's counsel's current law firm, Turning Point

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Litigation; and $524.00 in attorney's fees incurred at Petitioner's counsel's former law firm, Ward Black Law). Petitioner's Motion for Attorneys' Fees and Costs, filed May 4, 2023, ECF No. 41. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 41-3.

Respondent reacted to the motion on May 17, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. Response to Motion at 2-3, 3 n.2, ECF No. 42. The same day, Petitioner filed a reply stating that he "concurs with Respondent's recommendation that Chief Special Master Corcoran exercise his discretion and determine a reasonable award for attorney's fees and costs in this case." ECF No. 43.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $490 for work performed by Nancy Meyers - representing a rate increase of $30. ECF No. 41-1 at 10. Additionally, Petitioner requests an hourly rate of $165 for paralegal work performed in 2023. *Id.* I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $1.40 in postage, $1.80 for in-house copying costs, and $3.66 for teleconferencing incurred at Petitioner's counsel's current law firm. ECF No. 41-1 at 10, 12-14. I will, however, allow these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$15,552.46 (representing $15,028.46 in fees and costs incurred by Turning Point Litigation and $524.00 in fees and costs incurred by Ward Black Law) as a lump sum in the form of a check jointly payable to Petitioner and Turning Point Litigation.**[3] In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

---

[3] In her motion, Petitioner indicates that "[o]ne check may be made payable to Turning Point Litigation which will disburse the funds applicable to Ward Black Law." ECF No. 41 at 2.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
